

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OTIS T. MADISON,

            Petitioner,

v.                                      Civil Action No. **3:15CV422**

DIRECTOR OF THE VIRGINIA
DEPT. OF CORRECTIONS,

            Respondent.

## REPORT AND RECOMMENDATION

Otis T. Madison, a Virginia inmate proceeding *pro se*, filed this petition for habeas

corpus pursuant to 28 U.S.C. § 2254 (hereinafter "§ 2254 Petition," ECF No. 1) challenging his

conviction in the Circuit Court of the City of Richmond (hereinafter "Circuit Court"). The

matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

Madison argues that counsel rendered ineffective assistance[1] on the following conclusory

grounds listed in his Memorandum:

Claim One:    (a) "[C]ounsel deliberately failed to use available evidence to impeach or correct
false testimony of the state's key witness" (Mem. Supp. § 2254 Pet. 5);
(b) "[Counsel] deliberately failed to subpoena witnesses known to have reliable
exculpatory testimony that contradicted the testimony of the state's key witness"
(*id.*);
(c) "[Counsel] deliberately refused to ask any questions that would elicit
testimony from a testifying police detective that would reveal that the state's key
witness presented false testimony to the jury and had made numerous prior
inconsistent statements that acquitted the petitioner" (*id.*); and,
(d) "[Counsel] failed to seriously subject prosecutor's case to meaningful
adversarial testing." (*Id.*).

Claim Two:    (a) "[C]ounsel deliberately waived petitioner's right to testify against petitioner's
wishes" (*id.* at 6); and,

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of
Counsel for his defence." U.S. Const. amend. VI. The Court employs the pagination assigned to
Madison's submissions by the CM/ECF docketing system. The Court corrects the punctuation
and capitalization in the quotations from Madison's submissions.

(b) "[Counsel] denied petitioner's right to subpoena witnesses [on] his behalf to support his testimony." (*Id.*)

Claim Three:   "[C]ounsel failed to meaningfully move for dismissal of the indictments at trial on grounds of insufficient evidence to sustain prosecution or support a conviction as a matter of law based on evidence presented." (*Id.*)

Claim Four:   "[C]ounsel failed to raise very obvious key issues up on appeal that led to a[n] unsuccessful appeal." (*Id.*)

Respondent has moved to dismiss the action (ECF No. 8). For the reasons that follow, it is

RECOMMENDED that the § 2254 Petition be DISMISSED because Madison's claims lack

merit.

### A.   Factual and Procedural History

After a jury trial, Madison was convicted of first-degree murder and use of a firearm in

the commission of a murder and sentenced to thirty-five years in prison. *See Commonwealth v.*

*Madison*, Nos. CR12-F-631 and 633, at 1-2 (Va. Cir. Ct. Nov. 8, 2012).[2]

Madison appealed his convictions. The Court of Appeals of Virginia aptly summarized

the overwhelming evidence of Madison's guilt as follows:

> [T]he evidence proved that Shakia Johnson made arrangements to purchase drugs from John Winston, IV, the victim, and they agreed to meet in the parking lot of a market. Johnson rode to the market with appellant and two additional individuals. During the drive to the market, Johnson told appellant that she was planning on buying narcotics from the individual she was meeting. Johnson overheard appellant tell another male in the car that they should "get his ass." Upon arriving at the market, Johnson spoke to Winston, and as Johnson waited for Winston to retrieve the narcotics, appellant approached. Johnson saw appellant and Winston exchange greetings, saw appellant draw a gun, saw appellant shoot Winston, and saw appellant chase Winston while continuing to fire the gun. Winston was shot twice in the back and died at the scene. After the shooting, Johnson and appellant fled in opposite directions.

---

[2] Madison was also charged with robbery and a second count of use of a firearm in the commission of a felony. The jury acquitted Madison of these two counts. *Commonwealth v. Madison*, Nos. CR12-F-631 through -634, at 1-3 (Va. Cir. Ct. June 25, 2012). The sentencing range for first degree murder was not less than twenty years and up to life in prison. The jury found a sentence of thirty-two years appropriate. Instruction A, *Commonwealth v. Madison*, Nos. CR12-F-631 and 633, at 1 (Va. Cir. Ct. filed June 11, 2012).

The police recovered three shell casings from the parking lot. The police reviewed the market's surveillance video. The video showed Winston meet Johnson. The video also showed an individual who Johnson identified as appellant approach Winston and chase Winston with an arm extended as if firing a gun.

. . . .

After Winston was shot, Johnson ran from the scene and she did not contact the police. Johnson was charged with a crime related to the shooting, she learned she was wanted, and she turned herself in approximately two weeks after the shooting. Johnson testified she knew appellant as "O" and she knew appellant through a former boyfriend. After Johnson turned herself in, she identified appellant in a photo lineup. Johnson explained the scenes in the video to the jury. The face of the shooter was not clearly visible in the video. The video showed that the shooter dropped a small white object as he fled the scene. Detective Brissette returned to the scene and found a white object, which was a bag of prescription pills. Appellant could not be eliminated as a contributor of a mixture of DNA found on the bag. The video also showed the shooter wore a hat with a distinctive logo. Appellant was wearing a hat with the distinctive logo when arrested. Johnson admitted she had been convicted of a misdemeanor involving lying, cheating or stealing.

*Madison v. Commonwealth*, No. 2170-12-2, at 2-3 (Va. Ct. App. June 13, 2013). The Court of

Appeals of Virginia denied the petition for appeal. *Id.* at 1-5. A three-judge panel of the Court

of Appeals of Virginia also denied the petition for appeal. *Madison v. Commonwealth*,

No. 2170-12-2, at 1 (Va. Ct. App. Oct. 24, 2013). The Supreme Court of Virginia refused

Madison's subsequent petition for appeal. *Madison v. Commonwealth*, No. 131711, at 1 (Va.

Mar. 27, 2014).

On May 21, 2014, Madison filed a petition for a writ of habeas corpus in the Supreme

Court of Virginia raising a portion of the claims that he raises in the instant § 2254 Petition.[3]

Petition for a Writ of Habeas Corpus at 5-22, *Madison v. Dir. of Dep't of Corr.*, No. 140827 (Va.

---

[3] Madison filed a twenty-four page detailed habeas corpus petition in the Supreme Court of Virginia that appears to be written by a frequent litigant in this Court, inmate Gary B. Williams. Madison failed to file a similar petition in this Court. Instead, he filed a standardized § 2254 Petition that contains no claims and an eight page Memorandum of Law in support of his § 2254 Petition. The Court attempts to link the vague claims raised in his Memorandum with the claim that best corresponds in his state habeas petition. Madison did not raise Claims 1(b), 1(c), and 1(d) of the instant § 2254 Petition in his state habeas petition.

filed May 21, 2014). The Supreme Court of Virginia dismissed the petition finding that it lacked merit. *Madison v. Dir. of Dep't of Corr.*, No. 140827, at 1-6 (Va. Nov. 18, 2014). On July 15, 2015, the Court received the instant § 2254 Petition.

**B.     Analysis of Ineffective Assistance Claims**

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

**1.     Claims One (b), (c), and (d) Lack Merit**

Respondent correctly states that Madison did not raise Claims One (b), (c), and (d) in his state habeas petition filed with the Supreme Court of Virginia. While these claims are defaulted because Madison failed to raise them before the Supreme Court of Virginia, in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Court addresses the merits of each claim. *See id.* at 1321 (Scalia, J., dissenting) (observing that as "a consequence of today's decision the States will always be forced to litigate in federal habeas, for all defaulted ineffective-assistance-of-trial-

counsel claims (and who knows what other claims) . . . the validity of the defaulted claim (where

collateral-review counsel was not appointed)"). As discussed below, these claims lack merit.

In Claim One (b), Madison argues, in sum, that counsel "deliberately failed to subpoena

witnesses known to have reliable exculpatory testimony that contradicted the testimony of the

state's key witness . . . ." (Mem. Supp. § 2254 Pet. 5.) Madison provides no factual allegations

to support his claim. Madison fails to identify any witnesses counsel should have subpoenaed

and what exculpatory testimony they would have provided. Thus, Madison's conclusory

allegations fail to demonstrate deficient performance or prejudice under *Strickland. United*

*States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (requiring "concrete evidence" of exculpatory

testimony); *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (requiring proffer of

mitigating evidence to state a claim of ineffective assistance).[4] Accordingly, it is

RECOMMENDED that Claim One (b) be DISMISSED.

In Claim One (c), Madison states that counsel "deliberately refused to ask any questions

that would elicit testimony from a testifying police detective that would reveal that the state's

key witness presented false testimony to the jury and had made numerous inconsistent statements

that acquitted the petitioner . . . ." (Mem. Supp. § 2254 Pet. 5.) Again, Madison's claim lacks

any supporting factual details. For example, Madison fails to proffer what questions counsel

should have asked, how the questions would have elicited exculpatory testimony, what the

inconsistent statements were that the key witness provided, or how any of this would have

affected the outcome of his trial. Madison's conclusory allegations insufficiently demonstrate

deficient performance or resulting prejudice under *Strickland. Terry*, 366 F.3d at 316; *Bassette*,

915 F.2d at 940-41; *see Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas

---

[4] To the extent that Madison intends to fault counsel for failing to subpoena a purported alibi witness, Montaziya McElwain, that claims lacks merit. *See* Part B.3.

relief appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations").

In Claim One (d), Madison argues, in sum, that counsel "failed to seriously subject [the] prosecutor's case to meaningful adversarial testing." (Mem. Supp. § 2254 Pet. 5.) Once again, Madison's vague and conclusory allegation fails to demonstrate any deficiency of counsel or resulting prejudice. *Sanders*, 373 U.S. at 19. Accordingly, it is RECOMMENDED that Claims One (b), (c), and (d) be DISMISSED.

### 2.      The Applicable Constraints upon Federal Habeas Corpus Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### 3.    Remaining Ineffective Assistance of Counsel Claims

In Claim One (a), Madison faults counsel for "deliberately fail[ing] to use available evidence to impeach or correct false testimony of the state's key witness . . . ." (Mem. Supp. § 2254 Pet. 5.) Because Madison fails to identify what "available evidence" counsel failed to use to impeach an unidentified "key witness," this claim fails to state a claim for habeas relief. *Terry*, 366 F.3d at 316; *Bassette*, 915 F.2d at 940-41. For this reason alone, Claim One (a) should be dismissed.

In his state habeas petition, Madison raised a rambling claim that argued that counsel failed to challenge Shakia Johnson's testimony. *See* Petition for a Writ of Habeas Corpus 5-10, *Madison v. Dir. of Dep't of Corr.*, No. 140827 (Va. filed May 21, 2014). The Court generously construes Madison to raise that claim here. In summarizing and rejecting this claim, the Supreme Court of Virginia explained:

> In a portion of claim (1), petitioner contends he was denied the effective assistance of counsel because counsel failed to adequately challenge the testimony of the Commonwealth's eye-witness, Shakia Johnson. Petitioner contends Johnson had a prior conviction for a crime involving lying, cheating or stealing, admitted she used drugs on the day of the murder, and admitted she did not see the shooter's face. In addition, petitioner contends Johnson did not speak with the police until after she turned herself in and initially denied knowing anything about the crime. Petitioner alleges Johnson lied when she testified that she did not receive any consideration for her testimony. Petitioner argues Johnson's testimony was the only evidence linking petitioner to the murder, because the video recording of the shooting was not clear and although petitioner's DNA was on a pill bag that had been dropped at the scene by the killer, others' DNA was also on the bag. Had counsel effectively impeached Johnson, petitioner contends he would not have been convicted.
>
> The Court holds that this portion of claim (1) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates that counsel challenged Johnson's credibility by cross-examining her about why she waited to go to the police until after she discovered there was a warrant for her arrest on related charges, eliciting from her that she did not tell police what she knew until after she had consulted with an attorney, and questioning her about her drug use the day of the incident. Counsel

cross-examined Johnson to emphasize that Johnson had never seen the shooter's face. Counsel elicited from Johnson that she had previously been convicted of a crime involving lying, cheating or stealing, and questioned whether she had been offered any consideration for her testimony, which Johnson denied. Petitioner provides no support for his claim that Johnson did receive consideration. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Madison*, No. 140827, at 1-2. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts in the Supreme Court of Virginia's rejection of this claim. *See* 28 U.S.C. § 2254(d)(1)-(2). Madison also fails to identify any error in the Supreme Court of Virginia's decision. Counsel attempted to discredit Johnson through cross-examination; however, the jury found her testimony credible. Moreover, contrary to Madison's suggestion, he was not convicted on Johnson's testimony alone. Instead, the bag of drugs dropped by the shooter had Madison's DNA on it, and Madison was arrested wearing a hat with the same distinctive logo as the hat worn by the shooter at the time of the murder. Madison demonstrates neither deficiency of counsel nor resulting prejudice. Accordingly, it is RECOMMENDED that Claim One (a) be DISMISSED.

In Claim Two (a), Madison contends that "counsel deliberately waived petitioner's right to testify against petitioner's wishes . . . ." (Mem. Supp. § 2254 Pet. 6.) In rejecting this claim, the Supreme Court of Virginia explained:

The Court holds that this portion of claim (2) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The record, including the affidavit of counsel and counsel's letter to petitioner, demonstrates that counsel met with petitioner numerous times and discussed the "pros and cons" of petitioner testifying. Counsel discussed how the Commonwealth would use a letter written by petitioner to Johnson urging her not to "snitch" or to take a plea, and to tell him whether she had made a statement because "we can figure some[thing] out cause this shit real easy to beat." Counsel discussed with petitioner evidence that petitioner had asked his girlfriend, Zorina Jackson, to lie for him if questioned by the police. Counsel explained to petitioner that if he elected to testify, he would have to explain the presence of his

8

> DNA at the crime scene. Petitioner made the decision not to testify at his trial. In the letter counsel wrote petitioner after the trial, counsel noted the wisdom of petitioner's decision not to testify, which prevented the Commonwealth from admitting the letter petitioner wrote to Johnson. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonably probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Madison*, No. 140827, at 3-4 (alteration in original). The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Counsel indicates that "Madison was fully informed of his right to testify on his own behalf, informed of the potential impact such testimony would have on the outcome of his trial, and knowingly chose not to testify at trial." (ECF No. 10-1, at 1.) Counsel also informed Madison throughout his representation "that the ultimate decision as to whether or not to testify was [Madison's] decision to make." (*Id.*) Madison's vague allegations fail to refute counsel's statements that he fully discussed Madison's right to testify with Madison, and that Madison, not counsel, made the decision not to testify. *See Strong v. Johnson*, 495 F.3d 134, 139-41 (4th Cir. 2007) (explaining that state court may reasonable credit an attorney's specific affidavit over a petitioner's unadorned assertion or conclusory affidavit). Thus, he demonstrates no deficiency of counsel.

> Counsel also explained that

> [p]rior to trial, we had determined that the alibi that we preserved was not valid . . . [and Madison] made the final decision not to testify knowing that our best arguments were in attacking the credibility of the Commonwealth's witnesses and their inability to meet the legal standard for the charges brought. As a result, two of the four indictments were dismissed by the jury, and the final sentence was below the guidelines for first degree murder . . . .

(*Id.* at 2.) In light of Madison's provision of a false alibi to counsel, the many questions the Commonwealth could have asked Madison about his attempts to elicit false testimony if Madison chose to testify in his defense, and the overwhelming evidence of his guilt, Madison

also fails to demonstrate any prejudice from counsel's purported omission. Accordingly, it is

RECOMMENDED that Claim Two (a) be DISMISSED.

In Claim Two (b), Madison claims that counsel "denied petitioner's right to subpoena

witnesses [on] his behalf to support his testimony." (Mem. Supp. § 2254 Pet. 6.) In his state

habeas petition, Madison provides more specific details and indicates that he "demanded that his

trial counsel send subpoena to 'Ms. Montaziya McElwain' that she could corroborate his defense

testimony." Petition for a Writ of Habeas Corpus at 11, *Madison*, No. 140827. In rejecting this

claim, the Supreme Court of Virginia found:

> [P]etitioner contends he was denied the effective assistance of counsel because
> counsel failed to subpoena Montaziya McElwain, who petitioner contends would
> have testified petitioner was with her on the day of the murder. Petitioner has
> proffered an affidavit from McElwain in support of this claim.
>     The Court holds that this portion of claim (2) satisfies neither the
> "performance" nor the "prejudice" prong of the two-part text enunciated in
> *Strickland*. The record, including the trial transcript and the affidavit of counsel,
> demonstrates that petitioner provided counsel with the names of two witnesses,
> besides his girlfriend, who could provide an alibi for him. Counsel investigated
> and interviewed McElwain, but after determining that McElwain could not
> provide petitioner with an alibi, elected not to subpoena her. At the start of trial,
> the trial judge asked petitioner if he had given his attorney the names of all his
> witnesses and if he was ready for trial, and petitioner said yes. Petitioner said he
> did not need additional time to consult with his attorney before trial. Petitioner's
> counsel informed the trial judge that they would not be presenting an alibi
> defense, and petitioner did not object to counsel's statement. Moreover, in her
> affidavit, McElwain states she was with petitioner the day of the murder, but does
> not state she was with the petitioner at the time of the murder, which occurred at
> 6:45 in the evening. Thus, petitioner has failed to demonstrate that counsel's
> performance was deficient or that there is a reasonable probability that, but for
> counsel's alleged errors, the result of the proceeding would have been different.

*Madison*, No. 140827, at 4-5. Given the record before it, the Supreme Court of Virginia's

rejection of this claim was eminently reasonable. *See* 28 U.S.C. § 2254(d)(1)-(2).

Counsel prudently decided not to subpoena McElwain because she could not "provide

credible evidence to support an alibi" for Madison because she "was not able to vouch that Mr.

Madison was at her house the day of the shooting." (ECF No. 10-1, at 2.) Madison

demonstrates no deficiency of counsel. While Madison produced an affidavit with his state

habeas petition indicating that McElwain was with him that day, the affidavit provides no alibi

for Madison, because it fails to account for the time that the murder took place. Thus, Madison

demonstrates no resulting prejudice from counsel's decision not to subpoena McElwain.

Accordingly, it is RECOMMENDED that Claim Two (b) be DISMISSED.

In Claim Three, Madison argues, in sum, that "counsel failed to meaningfully move for

dismissal of the indictments at trial on grounds of insufficient evidence to sustain prosecution or

support a conviction as a matter of law based on evidence presented." (Mem. 6.)  Again,

Madison provides no factual allegations in support of this claim. In finding this claim lacked

merit, the Supreme Court of Virginia explained

> The Court holds that claim (3) satisfies neither the "performance" nor the
> "prejudice" prong of the two-part test enunciated in *Strickland*. The record,
> including the trial transcript, demonstrates that counsel made a motion to strike at
> the conclusion of the Commonwealth's evidence challenging the sufficiency of
> the evidence, and the trial judge denied counsel's motion. Thus, petitioner has
> failed to demonstrate that counsel's performance was deficient or that there is a
> reasonable probability that, but for counsel's alleged errors, the result of the
> proceeding would have been different.

*Madison*, No. 140827, at 5. The Court discerns no unreasonable application of the law and no

unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

Madison fails to identify why he believes counsel's motion to strike was not

"meaningful" or why he believes "insufficient evidence" existed to convict him of murder and

use of a firearm in the commission of the murder, in light of the overwhelming evidence of his

guilt of those crimes. (Mem. 6.) Thus, he demonstrates no deficiency of counsel or resulting

prejudice.[5] It is RECOMMENDED that Claim Three be DISMISSED.

Finally, in Claim Four, Madison argues that "counsel failed to raise very obvious key

issues up on appeal that led to unsuccessful appeal." (Mem. 6.) Madison fails to identify which

issues he believes counsel should have raised on appeal. In summarizing and rejecting the claim

before it, the Supreme Court of Virginia explained:

> In claim (4), petitioner contends he was denied the effective assistance of
> counsel because appellate counsel failed to challenge the alleged factual errors
> made by the Court of Appeals of Virginia in rejecting petitioner's challenge to the
> sufficiency of the evidence. Petitioner also appears to contend appellate counsel
> should have challenged Johnson's credibility.
> The Court holds that claim (4) satisfies neither the "performance" nor the
> "prejudice" prong of the two-part test enunciated in *Strickland*. The record,
> including the petition for appeal filed in this Court from the Court of Appeals'
> denial of petitioner's appeal, demonstrates that on appeal to this Court appellate
> counsel did challenge the sufficiency of the evidence and Johnson's lack of
> credibility. Moreover, the selection of issues to address on appeal is left to the
> discretion of appellate counsel, and counsel need not address every possible issue
> on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Thus, petitioner has
> failed to demonstrate that counsel's performance was deficient or that there is a
> reasonable probability that, but for counsel's alleged errors, the result of the
> proceeding would have been different.

*Madison*, No. 140827, at 5-6. The Court discerns no unreasonable application of the law and no

unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Contrary to Madison's

assertion that counsel failed to challenge these "key issues" on appeal, the record clearly

establishes that counsel raised both the insufficiency of the evidence and a challenge to

Johnson's credibility on appeal. The Court of Appeals and the Supreme Court of Virginia

squarely rejected these claims. Madison fails to identify what more he believes counsel should

---

[5] Moreover, although the Circuit Court denied the motion to strike the evidence, the jury, to the
contrary, clearly found counsel's closing argument about the insufficiency of the evidence
compelling and acquitted Madison on two of the four counts.

have done to further these claims.  Madison demonstrates neither deficiency of counsel nor resulting prejudice.  Thus, it is RECOMMENDED that Claim Four be DISMISSED.

### C.      Conclusion

Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED and that the action be DISMISSED.

Madison is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof.  Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings.  *See* Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment.  *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Madison and counsel for Respondent.

It is so ORDERED.

                                                        /s/
                                                    Roderick C. Young
                                                    United States Magistrate Judge

Date: April 15, 2016
Richmond, Virginia

13